IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**LEMUEL L. COLE,**

    Petitioner,

v.                                         Case No. 5:16cv277-WTH/CAS

**JULIE L. JONES,**

    Respondent.
_____/

## REPORT AND RECOMMENDATION TO DENY § 2241 PETITION

On October 3, 2016, Petitioner Lemuel L. Cole, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. On February 1, 2017, Respondent filed an answer, with exhibits. ECF No. 9. Petitioner has filed a reply. ECF No. 10.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned concludes Petitioner is not entitled to federal habeas relief and, accordingly, this § 2241 petition should be denied.

## Background and Procedural History

Petitioner Lemuel L. Cole, a state inmate at the Holmes Correctional Institution in Bonifay, Florida, filed this § 2241 petition challenging a

disciplinary report (DR) that resulted in the loss of 64 days of gain time as well as the temporary loss of the ability to earn gain time during a period of 60 days spent in detention. ECF No. 1. In particular, Cole was issued a DR for violating Florida Administrative Code Rule 33-601.314(3-1), which prohibits the possession of a weapon. Ex. B at 58.[1] Cole received notice of the charge on November 25, 2013. *See id.* A disciplinary hearing took place on November 27, 2013, and the hearing team found Cole guilty. *Id.* at 73. Cole filed two formal grievances concerning the DR, but the grievances were returned to him because they were not in compliance with Department rules; he did not file a proper grievance or appeal to the Office of the Secretary. *See id.* at 74-80.

On January 17, 2014, Cole filed a petition for writ of mandamus in the Leon County Circuit Court. *Id.* at 5. In his petition, he alleged he was framed by another inmate. *Id.* at 5-12. He further alleged the hearing team chair maliciously and recklessly abused the disciplinary process to convict and sentence him. *Id.* He stated any attempt to use the administrative grievance procedure would be futile. *Id.* at 7.

---

[1] Hereinafter, all citations to the state court record, "Ex. –," refer to exhibits submitted with Respondent's answer, ECF No. 9.

On February 24, 2014, the state circuit court, Judge John Cooper, directed DOC to respond within sixty (60) days, thus making the response due Friday, April 25, 2014.  *Id.* at 26-27.  On Monday, April 28, 2014, DOC filed a Motion for Enlargement of Time, asking the court to accept the motion as timely and seeking an additional thirty (30) days to file a response, until May 27, 2014.  *Id.* at 29-30.  By order on May 1, 2014, the court granted the motion.  *Id.* at 31.

By order on July 8, 2014, the state circuit court, Judge James C. Hankinson, again directed DOC to respond, noting that no response had yet been received and "[i]f no response is received within ten (10) days of this order, it will be assumed the Respondent does not wish to oppose the petition."  *Id.* at 46.  On July 9, 2014, Respondent filed a response and moved to dismiss Cole's petition for mandamus for failure to properly exhaust administrative remedies.  *Id.* at 49-55.  Respondent also moved to have the Court accept the response as timely filed, explaining that "[d]ue to administrative oversight and the undersigned caseload, undersigned was not aware response was due."  *Id.* at 47.  By order on July 16, 2014, the court accepted the response as timely and allowed Petitioner thirty (30) days to file a reply.  *Id.* at 81.

By order issued October 28, 2014, the state court directed

Respondent to further address the merits of the petition within sixty (60) days. *Id.* at 82. On December 29, 2014, Respondent filed its supplemental response, requesting the petition be dismissed, explaining Petitioner was provided adequate due process and the disciplinary team's finding of guilt was based on sufficient evidence. *Id.* at 84-102. Petitioner filed a reply. *Id.* at 128-31.

By order dated February 16, 2015, the state circuit court dismissed Cole's petition for writ of mandamus. *Id.* at 132-38. The court found Cole had not exhausted his administrative remedies. *Id.* at 132. The court further found that, assuming Cole had exhausted his administrative remedies, he failed to state a claim upon which relief can be granted. *Id.* at 133. The court made detailed findings and discussed applicable law:

> In his petition, Petitioner alleges 1) the disciplinary team chairman maliciously and recklessly abused the disciplinary process in convicting him of the charged infraction; 2) there was insufficient evidence to find Petitioner guilty of the infraction; 3) the disciplinary investigative procedure is structurally defective; and 4) the Department of Corrections failed to follow its own rules. Petitioner is requesting that this Court order the Department of Corrections to vacate the disciplinary report at issue here and restore all adversities including lost gain time as well as any gain time Petitioner could have possibly earned. He also seeks costs associated with this action.
>
> A petitioner's petition for mandamus relief seeking to overturn a prison disciplinary action invokes the court's review capacity which in essence takes the place of an appeal. *See*

*Sheley v. Florida Parole Comm'n*, 703 So. 2d 1202, 1205-1206 (Fla. 1st DCA 1997), approved, 720 So. 2d 216 (Fla. 1998) (stating that due to an absence of a statutory right to appeal parole commission actions, mandamus has become the accepted remedy for the review of a commission order). "The standard of review applicable to circuit court review of a decision of an administrative agency is: (1) whether procedural due process was accorded; (2) whether the essential requirements of law were observed; and (3) whether the administrative findings and judgment are supported by competent substantial evidence." *Plymel v. Moore*, 770 So. 2d 242, 246 (Fla. 1st DCA 2000) (citing *Haines City Community Development v. Heggs*, 658 So. 2d 523, 530 (Fla. 1995)). Because mandamus actions challenging disciplinary decisions are used as an appellate remedy, the disciplinary team's decision will not be overturned in the absence of prejudicial error. *See, e.g., Powell v. Coughlin*, 953 F.2d 744, 750 (2d Cir. 1991). As with all courts serving in an appellate capacity, the court shall not reweigh the evidence or substitute its judgment for that of the agency. *Haines*, 658 So. 2d at 530.

In prison disciplinary proceedings, inmates are only entitled to limited due process protection in a disciplinary hearing. *Wolff v. McDonnell*, 418 U.S. 539 (1974). Specifically, due process requires (1) advance written notice of the disciplinary charge; (2) an opportunity to call witnesses and present documentary evidence in defense; and (3) a written statement by the fact finder of the evidence relied on and reasons for the disciplinary action. *Wolff*, 418 U.S. at 564-566. Additionally, in circumstances where a disciplinary decision was made to deprive an inmate of earned gain time, there is a recognizable liberty interest that entitles the inmate to minimum requirements of the Due Process Clause. *Wolff*, 418 U.S. at 557.

As explained above, Petitioner was assigned to 60 days in disciplinary confinement and forfeited 64 days of gain time for the infraction. Due to the loss of gain time, Petitioner has a protected liberty interest which entitles him to due process

protection pursuant to *Wolff*.   It is clear from the record in the instant case that the Department of Corrections afforded Petitioner with full due process protection.   An investigation into the charge was initiated on November 21, 2013. (Respondent's Exhibit C).   Petitioner was provided with notice of the disciplinary charge on November 25, 2013, two days prior to when the disciplinary hearing was held on November 27, 2013.   (Respondent's Exhibit B & G).   He was even provided with pictures of the weapon he was charged with possessing.   (Respondent's Exhibit F).   The investigating officer provided Petitioner with the opportunity to submit a witness statement and to request witnesses and evidence in his defense.   (Respondent's Exhibit B-G).   Petitioner was also provided a written statement detailing the evidence relied upon and the reasons for the disciplinary action (Petitioner's Exhibit A).   Accordingly, Petitioner has failed to demonstrate a violation of due process.

As for Petitioner's claim that there was insufficient evidence to convict him of the infraction and thereby revoking gain time already earned, the Court finds that there was ample evidence presented at the disciplinary hearing for the disciplinary team's decision.   A report from a correctional officer, even if disputed by an inmate and supported by no other evidence, is legally sufficient as "some evidence" upon which to base a prison disciplinary action as long as the violation was found by an impartial decision-maker.   *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008).   Additionally, the evidentiary standard a disciplinary team must satisfy in a prison disciplinary proceeding, typically in instances where an inmate has lost gain time credit, was provided in *Superintendent, Massachusetts Correctional Institution, Walpole v. Hill*, 472 U.S. 445, 454-455 (1985).   The U.S. Supreme Court held "that the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke [gain time] credits."   *Id*. . . . .   Florida Courts recognize the same "some evidence" standard of *Hill* by requiring no more than a 'modicum' of evidence to support the disciplinary decision. *Cason v. McDonough*, 943 So. 2d 861, 862 (Fla. 1st DCA

2006). Hence, the evidentiary standard is significantly lower than that which is required to sustain a criminal conviction. *Smiley v. State*, 948 So. 2d 964, 965 (Fla. 5th DCA 2007) (stating that the standard is below beyond a reasonable doubt, and below preponderance of the evidence). Petitioner was found guilty based on evidence which consisted of the charging officer's statement and own observation that while conducting a search of Petitioner's locker, the officer found a book that contained a sharpened piece of metal inside the spine of the book. (Respondent's Exhibit G). Accordingly, the Court finds that the officer's statement and individual observation, which served as the basis for the disciplinary decision, satisfies the "some evidence" standard of *Hill*.

Additionally, Petitioner challenges the disciplinary investigative procedure on grounds that it is structurally defective. However, Petitioner provides no evidence or details to support this allegation. A petition for extraordinary relief must contain specific facts rather than conclusory statements. *Holcomb v. Dep't of Corr.*, 609 So. 2d 751 (Fla. 1st DCA 1992); *Piccirillo v. Wainwright*, 382 So. 2d 743 (Fla. 1st DCA 1980). Also, mandamus is an extraordinary common law remedy used to enforce an established legal right by compelling a person in an official capacity to perform an indisputable ministerial legal duty required by law. *Pace v. Singletary*, 633 So. 2d 516, 517 (Fla. 1st DCA 1994). Furthermore, mandamus is inappropriate when other adequate remedies are available. *Kellar v. Moore*, 820 So. 2d 1015 (Fla. 1st DCA 2002). Accordingly, mandamus relief is not an appropriate remedy to challenge the rules and procedures of the Department of Corrections.

Lastly, Petitioner alleges the Department of Corrections failed to follow its own rules. Specifically, Petitioner argues that the statement of facts contained in the disciplinary report violates Rule 33-601.304(2) (Fla. Admin. Code). Rule 33-601.304(2) states,

The statement of fact shall include:

> (a) A description of the violation, including date, time and place;
> (b) The specific rules violated;
> (c) A formal statement of the charge;
> (d) Any unusual inmate behavior;
> (e) Any physical evidence and its disposition;
> (f) Any immediate action taken; and
> (g) Any other specific facts necessary for an understanding of the charge
>
> The statement of facts lists the exact charge levied against Petitioner, a detailed description of the weapon found during the search of Petitioner's locker, the immediate action taken in response, and the facts relied upon by the charging officer in determining Petitioner was in possession of the weapon. (Respondent's Exhibit B). As such, the Court finds that the statement of facts comports with the rule specified above. Petitioner has failed to state a claim upon which relief can be granted.

*Id.* at 133-38.

Petitioner Cole appealed to the First District Court of Appeal (DCA) and filed an initial brief. Ex. C at 5-18. The Department filed an answer brief. *Id.* at 19-46. On November 6, 2015, the First DCA per curiam affirmed the case, with no written opinion. *Id.* at 48. The mandate issued December 2, 2015. *Id.* at 47.

As indicated above, Cole filed a habeas corpus petition in this Court on October 3, 2016. ECF No. 1. Petitioner Cole raises three grounds:

> (1) "The State court judge's sua sponte order granting the Respondent an out-of-time extension of time to file a response to the 'Order to Show Cause' issued by the judge

    to whom the case was formerly assigned and after his curious, unexplained removal while still assigned to hear similar cases is a presumptive demonstration of his advocacy for Respondent and/or prejudicial bias against Petitioner under totality of circumstances, contrary to <u>Rose v. Clark</u>, 106 S. Ct. 3101, 3105 (1986); and <u>Tumey v. Ohio</u>, 47 S. Ct. 437 (1927) holding that adjudication by a biased judge constitutes structured error." *Id.* at 5.

(2) "The Hon. James C. Hankinson's finding that 'Petitioner failed to exhaust his administrative remedies' is unsupported by any competent evidence in the record and is contrary to <u>McCarthy v. Madigan</u>, 112 S. Ct. 1081, 1087 (U.S. Kan. 1992) and <u>Houghton v. Shafer</u>, 88 S. Ct. 2199, 2120 (1968) which holds that the law does not require the doing of a futile act, and the un-refuted claim of his petition is that he received the timely filed resubmitted D/R appeal to the Warden, 'delayed or backdated' 15 days, which was the expiration date of the limitation period for seeking 2nd tier review by the secretary, Petitioner submit, that an attempt to seek 2nd tier review would not only be futile, but would also be prejudicial to a latter attempt to seek judicial review." *Id.* at 7-8.

(3) "[T]he State courts alternate theory that 'Petitioner has failed to State a claim upon which relief can be granted' is contrary to federal law as determined by the U.S. Supreme Court based on the record." *Id.* at 12.

Respondent has filed an answer, with attachments. ECF No. 9.

Petitioner has filed a reply. ECF No. 10.

## <u>Analysis</u>

    The Judiciary Act of 1789 granted federal courts the power to issue the writ of habeas corpus. *See* <u>United States v. Hayman</u>, 342 U.S. 205

(1952).   The habeas remedy is now codified in 28 U.S.C. § 2241, subsection (c)(3) of which provides that the writ of habeas corpus shall not extend to a prisoner unless the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States."   As noted in Hayman, prisoners must bring habeas corpus applications in the district of confinement.   342 U.S. at 213.

A state prisoner may seek federal habeas review of the loss of gain time as a result of a state prison disciplinary proceeding.   *See, e.g.*, Smith v. Sec'y, Fla. Dep't of Corr., 432 F. App'x 843 (11th Cir. 2011).   Although Petitioner Cole filed this habeas petition pursuant to 28 U.S.C. § 2241, his petition is governed by both § 2241 and § 2254.   *See* Medberry v. Crosby, 351 F.3d 1049, 1063 (11th Cir. 2003) (holding that both § 2241 and § 2254 apply to habeas corpus petitions filed under § 2241 where petitioner "is in custody pursuant to the judgment of a state court" and a § 2241 petition is governed by the restrictions in 28 U.S.C. § 2254); Smith, 432 F. App'x at 844-45 (citing Medberry and involving § 2241 petition challenging disciplinary reports that resulted in loss of gain time).

Petitioner Cole is not entitled to federal habeas relief in this case. Under the deferential federal habeas review standard, habeas relief may not be granted with respect to a claim adjudicated on the merits in state

Case No. 5:16cv277-WTH/CAS

court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see* Cullen v. Pinholster, 563 U.S. 170, 181-82 (2011).

As the state court found, and as supported by the record, Petitioner Cole did not exhaust his administrative remedies before proceeding in the state circuit court because his institutional grievances were returned without action for non-compliance and he did not re-file them properly or file an appeal with the Office of the Secretary. *See* Ex. B at 132-33; *see also id.* at 74-80. Further, as reflected in the record and the state court's findings and conclusions, quoted in detail above, Cole was provided with procedural due process protections. Specifically, Cole received 24-hours' advance written notice of the charges against him, an opportunity to call witnesses and present evidence in his defense, and a written statement by the fact-finder concerning the evidence relied upon and the reasons for the DR. *See* Ex. B at 58-73; Wolff, 418 U.S. at 564-66. As also found by the state court, "some evidence" supports the disciplinary team's decision;

specifically, the written statement and observation of Sergeant Waterford that he discovered a sharpened piece of metal in the spine of a book he found in Cole's locker during a search. Ex. B at 58-60.

To the extent Cole argues the state circuit court erred in granting Respondent's motion for extension of time to file the response to his petition for writ of mandamus, such claim lacks merit and should be rejected. He also appears to question the state court's administrative reassignment of judges, effective July 1, 2014, which resulted in Judge Hankinson ruling on his case, after Judge Cooper had initially been assigned to the case; this claim should also be rejected. *See* Ex. B at 33-44.

Based on the foregoing, Petitioner Cole has not satisfied the standard for federal habeas relief. Accordingly, his petition should be denied.

## Conclusion

It is therefore respectfully **RECOMMENDED** that the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (ECF No. 1) be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on March 15, 2017.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

  Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).   A copy of the objections shall be served upon all other parties.   A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.   Fed. R. Civ. P. 72(b)(2).   <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.